JUDGE LINDSAY
delivered the opinion oe the court.
The suit of Johnston and others against Huber, to recover fifteen acres of the three hundred and thirty-three and one half acres of the land bought by him at the commissioner’s sale in this action, was commenced and process therein served upon him before the commissioner’s report of sale was confirmed. His failure to object to said order of confirmation was a waiver of his right to resist the payment of the purchase price of the property upon that ground.
The title papers of the Armstrong heirs were on file in the proceeding in which the sale was decreed. They operated as notice to Huber of the character of title the court was offering *592 to sell, and he can not now be allowed to say that the title sold was not a good one. ■
The objection, however, that the proceedings on the petition of said heirs by their guardian, culminating in the order of sale, were so irregular as' not to pass the title of the infant Armstrong heirs, is not so easily disposed of. Such title as they had or owned should be passed to the purchaser before he is compelled to pay to their guardian the amount bid by him.
It seems that the petition was filed, and the commissioners whose duty it was to report as to the net value and annual profits of the infants’ real estate, and as to whether or not their interests required a sale of the same, were appointed and sworn at what purports to be a special term of the Bullitt Circuit Court, held on the 15th day of December, 1865; that said commissioners filed their report, the statutory guardian executed bond, and a judgment decreeing a sale of the land was made and entered at what purports to be a second special term of said circuit court, held on the 28th day of December, 1865. If, in point of fact, any such special terms of said court were held, then the filing of the petition and all the other preparatory orders were authorized by law to be taken, and if the special term held on the 28th of December, 1865, was ordered to be held for the trial or final disposition of such causes as the one under consideration, the judgment of sale was also legally and properly rendered.
“ When the business requires it, a circuit judge may hold a special term in any. county in his district, for the trial of chaneery, penal, or criminal .causes, or either.” (Section 1, article 12, chapter 27, Revised Statutes.)
Preparatory orders may be taken in any civil cause at a special term called for any purpose; but from the language of the statute, as above quoted, it is apparent that no class of causes can be tried at a special term other than those for the trial of which it was ordered.
*593 The order for a special term of the circuit court may be made either in term time or by the judge in vacation, but whenever made must be entered on the records of the court, and must set out the character or class of causes to be tried by the court at such term. (Ibid.)
The record before us fails to show that either of what purports to be special terms of the Bullitt Circuit Court were held in pursuance to an order of court made either in term time or vacation. If no such terms were held, as a matter of course the judge and clerk had no right to take preparatory orders and render judgments, and the fact that they entered such orders and judgments on the order-book, after reciting that they were made and rendered at special terms, can not be regarded as establishing the fact that any such terms were actually held. The statute provides that “all orders for or concerning a special term must be entered on the records of the court.” Without some order for such special term, entered as therein directed, the judge has no legal authority to hold the same, and without such authority no such terms can be held for the transaction of any kind of business.
These conclusions in nowise conflict with the rulings of this court in the case of Blimm v. The Commonwealth. Blimm was tried at a special term of the Boone Circuit Court, held in pursuance to an order of the circuit judge, entered of record and ordered for the express purpose of trying criminal causes. It was insisted that the court had no jurisdiction to try the accused because of the fact that ten days’ notice of the term of the court had not been given in the manner prescribed by the statute. The majority of this court held that neither the notice nor the consent of parties conferred the jurisdiction upon the circuit court; that the jurisdiction was inherent, and that notice or consent was required by the statute as a precautionary measure to prevent surprise to the parties litigant, and not to legalize the term nor to confer jurisdiction upon the *594 court. It was also intimated that, in the opinion of such majority of the court, the failure to enter the order for the special term upon the order-book prior to the day upon which the same was to begin would not be enough to vacate the term.
But that opinion can not be construed to mean that a special term can be lawfully held without an order therefor having been previously made and entered upon the order-book at least upon the day the term begins, and before the court-proceeds to the transaction of business.
It is not enough to protect Huber in the future against the infant appellees that these preliminary steps and the judgment of sale purport upon their face to have been taken and rendered at special terms of the Bullitt Circuit Court. It is necessary that it should appear from competent evidence, which in a case like this must be of record, that such terms were actually held upon the order of the judge, and that the latter term was held for the trial of such causes as this.
For these reasons the order of the circuit court making absolute the rule against the appellant must be reversed.
It appears, however, that the sale of the land was beneficial to the infants, and that Huber has waived his right to object to the consummation of the same for any other than the ground herein discussed. Upon the return of the cause the court should require the guardian by supplemental proceedings to take all necessary and proper steps to render valid and binding the decree, and the sale made under and in pursuance of the same; and when this is done Huber should be compelled to pay the unpaid balance of the purchase price, and in all other things comply with the conditions of his purchase.