### Stevens, et al. v. Young, et al.

(Decided April 16, 1918.)

Appeal from Anderson Circuit Court.

1. Courts—Creation and Constitution and Court Officers.—To constitute a legally equipped court for the hearing and determining of causes there must be a presiding officer or officers, usually denominated judges, a time and place as designated by law; and if a court is attempted to be held by one not such presiding officer, or at a time or a place not designated by law, it is without authority to adjudicate cases, and this effect is not cured by the clerk of the court under direction of the presiding officer who is absent adjourning to another day, since the opening of court under such circumstances would be illegal, which the clerk could not vitalize by his attempted adjournment.

2. Courts—Creation and Constitution and Court Officers.—At common law no officer was authorized to open court in the absence of the duly elected and qualified judge. It is competent for the legislature to regulate such matters, but in this state the only statutory provision that has been made is that at a special term of court, if the presiding officer at the time appointed for it to convene is absent, that the clerk shall certify that fact to the

Governor, who shall in the manner provided by law appoint a special judge to hold that term (sub-section 2 of section 971, Kentucky Statutes), and if that method is not pursued the specially called term lapses and ends and proceedings attempted to be had by the regular judge on a future date to which the clerk attempted to adjourn the term are void unless perhaps the matter is waived.

3. Judges—Trial—Void Judgment.—The regular judge at a regular term by orders duly entered called a special term for a fixed day. On that day he was sick and absent from the county, but directed the clerk to open the term, submit the cause and adjourn the court to a future named day, which the clerk did. On that day the case was tried by the regular judge, over the objections and exceptions of one of the litigants, based on the ground that the term was not regularly called and had no legal existence in fact. Held that the objections should have been sustained and the judgment rendered in the case is void.

4. Judgment—Void Judgment—Appeal and Error.—Where the judgment is void no appeal can be prosecuted from it until a motion has been made and overruled in the trial court to set it aside.

LILLARD H. CARTER and FARIS R. FELAND for appellants.

EDWARD C. O'REAR, J. C. JONES and STANLEY TRENT for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Dismissing the appeal.

This litigation is a contest of a local option election which was held throughout Anderson county on October 1, 1917, after it had been duly and regularly called by the county judge of that county as provided by law. The result of the election as certified by the board of canvassers was 1179 votes in favor of local option, and 947 votes against it, leaving a majority of 231 votes in favor of the county being dry. Within the proper time the appellants as contestants duly and regularly filed their contest, seeking to have the election annulled and declared void for divers and sundry reasons set forth by them, each of which was controverted, and upon trial before the contest board it dismissed the proceedings and from that order an appeal was prosecuted to the Anderson circuit court, the appeal being filed during the regular November, 1917, term of that court. It could not be tried at that term, and the judge of the court entered an order calling a special term for December 20, 1917, for the purpose of trying the contest. On that day the regular judge of the court was sick at his home in Shel-

byville, Kentucky, some distance from Lawrenceburg, the county seat of Anderson county, and he procured a friend to communicate by telephone or otherwise to the clerk of the Anderson circuit court the fact of his inability to attend, and directed the clerk to enter an order submitting the case and continuing the special term until January 2, 1918, which directions the clerk attempted to carry out, and on the latter date the judge appeared, and over the objections of the contestants proceeded to try the case and rendered a judgment dismissing the contest, and from that judgment this appeal is prosecuted.

The objection of the contestants as made by them on January 2, 1918, the day to which the special term was attempted to be adjourned by the clerk, as shown by the record, is in these words: ''M. J. Stevens, et al., contestants, object to the trial of the above styled cause or to any steps being taken therein at this time, because there is no regular term of the Anderson circuit court, nor any part of a regular term, and this is not a special term of said court, nor any part thereof.''

We have read the record with great care, and have firm convictions upon the merits, but because of the matters hereinafter considered we are equally convinced that this appeal can not be entertained by us.

It will be observed that there were at least three orders made upon the day for which the special term of the Anderson circuit court was called, they being (1) the opening of court; (2) the submission of the cause, and (3) the adjournment of the court until January 2, 1918, and that upon that occasion there was no judge, regular or special, present and presiding. Manifestly, if there was never any legal term of court on December 20, 1917, the one on January 2, 1918, at which the case was attempted to be tried was equally invalid, for it purported to be only an adjourned term of court. But if there had never been any legal term of court, there could be no vitality imparted by the attempted adjournment of a term that never existed.

The law seems to be well settled that three elements are essential to a duly constituted court, they being time, place, and an officer or officers duly clothed by the law with the authority to administer justice by hearing and determining causes, which officer or officers are usually denominated the judge or judges of the court. Isolated

definitions of a court are frequently found to refer, sometimes to the place of holding the court; sometimes to the time when the court is held, and at other times to the judge or officer presiding over the court. But in such cases the definer is speaking more particularly with reference to the different constituent elements of the court as a legally equipped functionary of the government for the purpose of hearing and determining causes. In 8 Amer. & Eng. Ency. of Law, 2 edition, page 24, a court within the last sense referred to is thus defined: "Both time and place are essential constituents of the organization of a court; that is to say, in order to constitute a court the officer (judge) must be present at the time and place appointed by law."

In the note sustaining the text are the following cases: In Re Terrill, 52 Kans. 29, 39 Amer. St. Rep. 327; Hobart v. Hobart, 45 Iowa 503; Columbus v. Hydraulic Woolen Mills Co., 32 Ind. 436; Greenwood v. Bradford, 128 Mass. 296; King v. King, 1 P. & W. (Pa.) 19; Clark v. Com., 29 Pa. State 135; Dunn v. State, 2 Ark. 229, 35 Amer. Dec. 65; Wightman v. Karsner, 20 Ala. 451; Brumley v. State, 20 Ark. 78.

Bouvier's Law Dictionary, Rawle's Third Revision, defines a court in the sense now being considered to be "The presence of a sufficient number of the members (judges) of such a body regularly convened in an authorized place at an appointed time, engaged in the full and regular performance of its functions." And further, that "The one common and essential feature in all courts is the judge or judges—so essential, indeed, that they are even called *the court,* as distinct from the accessory and subordinate officers; Michigan Central Railroad v. R. Co., 3 Ind. 239; McClure v. McClung, 53 Mo. 173."

In 11 Cyc., page 655, a court is defined as "an incorporeal political being, which requires for its existence the presence of its judges, or a competent number of them, and a clerk or prothonotary, at or during which, and at a place where it is, by law, authorized to be held, and the performance of some public act indicative of the design to perform the functions of a court."

Other cases dealing with the precise question and sustaining the quotations made are White Co. v. Guinn, 136 Ind. 562; 22 L. R. A. 402; Fuller v. Colfax Co., 14 Federal 177; People v. Barrett, 9 N. Y. Supp. 331; Lewis

v. Hoboken, 42 N. J. L. 377; Gray v. Bostedo, 49 N. J. L. 453; In Re Lawyers' Tax Cases, 8 Heiskell (Tenn.) 565, and 7 R. C. L. 973.

Excerpts from a few of the opinions referred to will be sufficient to show the almost unanimous trend of the courts when dealing with the question now in hand. In the case of Dunn v. State, cited above, it is said: "The common law defines a court to be a 'place where justice is judicially administered,' and therefore to constitute a court there must be a place appointed by law for the administration of justice, and some person authorized by law to administer justice at that place must be there for that purpose. Then, but not otherwise, there is a court, and the judicial power of the state may be there exercised by the judge or person authorized to hold it; and if the law prescribed no time for holding the court, the judge might lawfully hold it when and as often as he chose."

In the case of Brumley v. State, *supra*, it is said: "The meeting together of the judge and officers of the court at the place but not at the time fixed by law for holding the court was not a court under our constitution and law, but was a mere collection of officers, whose acts must be regarded as *coram non judice* and void."

Cases from this court dealing with some phase of the question and either impliedly or expressly recognizing the rule above stated are Johnson v. Huggins, 3 Met. 575; Huber v. Armstrong, 7 Bush 590, and Venhoff v. Morgan (Superior Ct.) 11 Ky. Law Rep. 276.

The Huber case had under consideration the validity of an order made at a special term not regularly called. The opinion held the proceedings invalid, and among other things said: "Without some order for such special term, entered as therein (statute) directed, the judge has no legal authority to hold the same, and without such authority no such terms can be held for the transaction of any kind of business."

The opinion in the Venhoff case is by Judge Bowden, of the Superior Court, and while the question before him was the validity of a judgment rendered by a justice of the peace at a place not designated by law for holding such courts, his observations upon the necessity of the coexistence of the three elements required for a legally constituted court are so convincing that we take from the opinion the following:

"In Davis v. Fish, 1 G. Greene 406, 48 Am. Dec. 387, it was held that a verdict received and a judgment rendered after the term has legally terminated, are void; but this ruling was afterwards modified (State v. Knight, 19 Iowa 94) to the extent of holding that such would not be the result if the trial was commenced during the term in good faith. Those are extreme cases, and go far beyond the mere doctrine that a court can not be held by its judge except at the prescribed time, so as to authorize it to inaugurate and consummate proceedings.

"In Dunn v. State, 2 Ark. 229, 35 Am. Dec. 54, it was held that where a statute authorized a judge 'to hold a special term for the trial of persons confined in jail, by making out a written order to that effect and transmitting it to the clerk, who shall enter the same on the records of the court, a judgment rendered at such special term, no such order having been entered of record, was void. There was no suggestion of inherent power, but it seems to have been assumed that no such power existed unless conferred by statute, and that the directions of the statute must be strictly observed. It may be remarked that the statute in our state is in form an enabling act, and it is not ostensibly a limitation on a conceded power.

" 'When the business requires it, a circuit judge *may* hold a special term in any county in the district for the trial of chancery, penal and criminal causes, or either. . . . All orders for or concerning a special term must be entered on the records of the court.' (General Statutes, chapter 28, article 6.)

"In Huber v. Armstrong it was held that 'without some order for such special term, entered or therein directed, the judge has no legal authority to hold the same, and without such authority no such terms can be held for the transaction of any kind of business.'

"The result of the adjudged cases seems to be correctly stated in Johnson v. Higgins, 3 Met. 575: 'Courts are to administer justice by due course of law, and they have no power to render judgment except at terms prescribed by law for the transaction of such business, or the trial of such cases, or at which such business is allowed by law to be done. Such procedure would be emphatically *coram non judice,* and the judgment void, because forbidden by law.

"For the same reason, if not for a stronger one, it must be held that a judge can not constitute a court and

render valid judgments at a place other than prescribed by law. . . .

"A court is defined to be 'a place where justice is judicially ministered.' Co. Litt. 58 A. Certainty, both as to time and place, is essential to the conception of a court of justice; it would be eminently Caligulan could it act when and where it pleases the judge. Without recourse to the notion of a court as a court of incorporate entity, it is obvious that a judge does not at all times and places constitute a court, and that he can not, when he pleases, assert and enforce his judicial power. He becomes a judge when he is appointed or elected, but he becomes a court only when, at the time and place designated by law, he performs judicial duties. As said in Dunn v. State, the time and place designated by law, and the presence of the judge there, acting judicially, are the 'union and *combination* of circumstances' which constitute a court.' "

In that case, as well as in the Huber case, the court distinguished the rule as announced in the case of Blimm v. Commonwealth, 7 Bush 321, and relied upon by appellees herein, by showing that in the latter case the statute requiring the number of days which the notice calling the special term should be posted was directory and not mandatory. If directory, as therein decided, the special term would be legally called, notwithstanding the notice may not have been posted for the number of days prescribed by the statute. However, it would still be a term of court, duly and regularly called for the time and place designated. But, according to the authorities, *supra,* if no judge should appear at the time and place fixed by the directory action of the judge, one of the essential elements to constitute the court would be wanting. So that we conclude that no special term of the Anderson circuit court ever convened on December 20, 1917; for, as said in 7 R. C. L. 988. "It can not be said that a term of court commences before the judges authorized to hold court have convened."

The question then arises, what became of the special term which was attempted to be called for December 20, 1917? The authorities appear to be of one accord that in such event the special term lapses and ends. In the volume of R. C. L., *supra,* page 991, the law on this point is stated to be:

"It has been held that the adjournment as well as the opening and holding of court is the exercise of judicial power to be performed by the court, and that in the absence of statute authorizing it, the clerk or other ministerial officer cannot act for the judge, even when authorized by him, in opening or adjourning court. Under this view the failure of a judge to attend and open his court upon the day appointed by law for the beginning of the term operates to lapse and end that term, and no further session of the court can be held until the next regular term, or until a special term is legally called. In such case the clerk of the court cannot, in the absence of statutory power, adjourn the court from day to day, or until a future day and the arrival of the judge for the commencement of the term."

In 21 Ency. of Pleading & Practice, 637, it is said:

"A failure to open court on the day fixed for the beginning of a term results at common law in a lapse or loss of the whole term, so far at least as the holding of court is concerned."

Many authorities from a number of states are cited in support of the text, and indeed there seems to be no dissenting opinions. However, in a number of states there are statutory provisions by which the term of court may be kept alive, such as continuing it from day to day by the clerk or other statutory designated officer; or, as in our own state (Kentucky Statutes, sub-section 2 of section 971), by the clerk certifying the fact of the absence of the judge to the Governor in order that he may supply one for the occasion, but wheresoever such statutory provisions prevail, the course therein designated must be followed. In the case of In Re Terrill, *supra,* the clerk, as in this case, opened the term and adjourned it to a day for which he had no statutory authority, and it was held that the proceedings transacted upon the days to which the adjournments were made were invalid. In the opinion it is said:

"The failure of the judge to appear and open court upon the day appointed resulted in the loss of the term, and proceedings had by a court at a time not authorized by law are absolutely void. There was then no statute of Oklahoma providing for the adjournment of the court by the clerk or other of its officers in case of non-attendance of the judge.

"  .  .  . The clerk is a ministerial officer and without statutory authority can exercise no judicial function. The opening, holding, and adjournment of court are the exercise of judicial power to be performed by the court. To perform the functions of a court the presence of officers constituting the court is necessary, and they must be present at the time and place appointed by law.  .  .  . There being no authority in law for the clerk to open and adjourn court, the consequences of the failure of the judge to appear on the day appointed for holding the court was the loss of the term.''

Many authorities are cited in the opinion, which concludes by determining that the term of court lapsed when there was no presiding judge present to open it and no provision of law existing whereby the clerk might adjourn or postpone it; or, if so, it was not followed by that officer. Other text books and treatises upon the law are in accord with what has just been said.

Under the provisions of sub-section 2 of section 971 of the Kentucky statutes, *supra*, if the parties could not agree upon a special judge on December 20, 1917, the only authority which the clerk had was to certify the facts to the Governor so that a special judge might be appointed. This was not followed, and under the law as we have found it, it necessarily follows that the clerk was without authority to adjourn that special term of court to a future day. Whatever might be the law as to the right of the parties to waive any defect in the constitution of the court, that question is not presented here, because the appellants protested against the trial of the case upon the day to which the special term was attempted to be adjourned with as much vigor as it was possible for them to present. If it was essential for them to manifest the *particular* ground of their objection, they did so in this case, and the conclusion is inevitable, although reluctantly arrived at, that the judgment appealed from is void, for the reason that the proceeding in which the judgment was rendered was *coram non judice*. Because of this fact, we are not authorized to reverse the judgment, since under the provisions of section 763 of the Civil Code no appeal will lie from it until a motion made in the trial court to set it aside shall have been overruled. No such motion was made in this case, and it results that the appeal must be and it is dismissed.