## Stevens, et al. v. Young, et al.

(Decided October 8, 1918.)

### Appeal from Anderson Circuit Court.

Elections—Contest—Failure of Voters to Present Certificates—Throwing Out of Precincts—Effect on an Election.—Where sub-

stantially all the votes in two precincts were illegal because the voters failed to present or to offer to present their certificates of registration, the precincts will be thrown out, and if this does not affect the result, the election will be upheld.

L. H. CARTER and F. R. FELAND for appellants.

EDWARD C. O'REAR, J. C. JONES and STANLEY TRENT for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This is the second appeal of this case. The first appeal was dismissed because the special term at which the judgment was rendered was not regularly called and the judgment was therefore void. Stevens v. Young, 180 Ky. 154. On the return of the case, it was redocketed and tried, and the petition again dismissed.

The suit was brought to contest the local option election held in Anderson county on October 1, 1917, which resulted in a majority of 231 in favor of the "drys." The only ground of contest that is seriously urged is that the majority of the voters in the East Lawrenceburg and Duncan precincts, in the city of Lawrenceburg, were permitted to vote without presenting or offering to present their certificates. The evidence on this question is not very definite or satisfactory; but if we assume, as is contended by contestants, that substantially all of the voters in these two precincts failed to comply with the law in the respect indicated, and that for this reason their votes were illegal, we could go no further than to hold that the two precincts should be thrown out. If this be done, the "drys" will still have a clear majority. That being true, the ground relied on is not sufficient to affect the result, and affords no basis for holding that there was a "wet" majority or for setting aside the entire election.

Judgment affirmed.