### Wood Oil Company v. Commonwealth, By, etc.

### United Oil Company v. Same.

### Tidal Oil Company v. Same.

### Federal Oil Company v. Same.

### Associated Producers Company v. Same.

(Decided June 23, 1922.)

Appeals from Estill Circuit Court.

1. Taxation—Assessment of Omitted Property.—Under the provisions of subsection 6 of section 4260, Carroll's Kentucky Stat-

utes, 1922 edition, it is made the duty of a revenue agent or sheriff proceeding to assess omitted property for taxation, as provided by section 4241 of the same statutes, to take some progressive step in the proceeding during the period of two terms of the court in which it is pending and if two terms pass without any step or order in the case except, docketing, remanding or passing it, it is the duty of the court to dismiss it without prejudice on the motion of defendant.

2.   Courts—Term of Court.—In order to constitute a term of court it is not essential that a session be held every juridical day of the allotted time for the term and where the court convened at the time appointed for the purpose and held open sessions throughout two days and then adjourned till near the end of the allotted time and again held sessions the sittings of the court will be regarded as a term of court within the meaning of the statute, since the Commonwealth by its relator had a reasonable opportunity to appear and take the steps required by the statute, and if he does not do so he should be visited with its penalties.

J. P. HARRISON, ROBERT R. FRIEND and BEVERLY R. JOUETT for appellants.

LOGAN & MYATT, JOHN W. WALKER and MORRIS & JONES for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing the judgment in each case.

The above five cases were instituted in the Estill county court by a revenue agent as relator for the Commonwealth to require the respective appellants to assess for state and county taxation certain described property which was alleged to have been omitted for the years named in the respective statements.   The county court dismissed the proceedings and the relator for the Commonwealth prosecuted appeals to the Estill circuit court and took all the necessary steps to perfect the appeals in July, 1919; so that, they were each appearances in that court at its next regular term.   The defenses were a denial of the omissions alleged and an affirmative contention that the defendants in the proceedings had theretofore assessed with the proper authorities all of the property owned by each of them, and had paid the oil production tax as required by section 4223c-1, Kentucky Statutes, which is a part of chapter 122, page 540, Session Acts 1918; but it was admitted that the oil wells owned and operated by appellants had not been assessed as a separate and distinct item of property, because it was insisted that appellants were not required to assess

them under the statute, *supra,* as construed by this court in the case of Raydure v. Board of Supervisors, 183 Ky. 84. The circuit court, upon a trial had at the January term, 1921, assessed the producing wells of appellants for some of the years for which the assessment was sought at a valuation fixed in the judgments, and further adjudged against appellants the 20% penalty provided in the statute on the taxes to be paid, and complaining of those and other alleged erroneous actions of the court these appeals were prosecuted.

The contention of appellants is that the production tax levied by the statute, *supra,* and which they have paid, was, by the express terms of the statute, in lieu of all other taxes "on the wells producing said crude petroleum" and that it was so held in the Raydure case; while the Commonwealth insists, by its counsel, that the Raydure opinion construed the statute to be only a license or occupation tax, and that the statement in the latter part of the opinion, containing a direction to the lower court upon a return of the case, to exclude the value of each producing well was unnecessary to the decision of the questions presented by that record, and was therefore obiter and not to be followed. It will, therefore, be seen that the two principal questions for determination on the merits of the cases are important and largely affect the interests of both the Commonwealth and the oil producers, but we can not determine them on these appeals because of the conclusion which we have regretfully reached on a question of practice stated below and vigorously argued in this court.

Subsection 6 of section 4260, Carroll's Statutes, 1922 edition, which is a part of an act passed by the General Assembly at its 1912 session, says in part: "That on and after July 1, 1912, it appearing to any court in which such an action as set out in § 1 is pending either upon original jurisdiction or appeal that no steps other than docketing the case or remanding the case, or passing the case, have been taken by the commonwealth for the prosecution of said action for a period of two terms of such court, when it is a court having terms, or for a period of ninety juridicial days, when it is a court of continuous session it shall be the duty of the judge on the motion of the defendant in such case, to cause said case to be dismissed without prejudice to the commonwealth, and in which event the defendant shall recover

his costs in said case expended from the officer instituting such action.'' The action therein referred to and dealt with is the same remedy which the Commonwealth by its revenue agent as relator is prosecuting in these cases. It appears from the records that no progressive steps were taken in any of the cases at the succeeding December, 1919, term of the court after the appeals were perfected and the issues made and that no order other than one of continuance was made in either of them, and the same is true with reference to the following March, 1920, term of the court.

At the September, 1920, term of court each appellant made a motion to dismiss the proceedings because of the failure of counsel representing the Commonwealth to practice the cases as prescribed by the statute by taking some required progressive step in them during the two terms of court mentioned, but that motion was overruled upon the ground recited in the judgments, which is thus stated: ''Came the defendant, United Oil Company (it being the same in the other cases), and moved the court to dismiss this cause for want of prosecution, the basis of said motion being that two terms of this court passed without any progressive steps being taken in this action by the plaintiff. The order book of this court shows that this appeal was taken and a copy of the judgment of the lower court filed in the clerk's office of this court on July 21st, 1919, and that the next regular term of this court thereafter was held in December, 1919, and that the next regular term of this court was held in March, 1920, but that the court at that term met on March 8th, 1920, the day provided by law, and was in session on that day and March 9th, and on account of an epidemic of smallpox adjourned until the 27th day of March, 1920, and was in session on that day and on March 30th, and 31st, 1920. The court holds that said March term of court was not such a term as is contemplated by law, and that in view of the circumstances the plaintiff was not required to take a progressive step at that term. No progressive step was taken by plaintiff at either of said terms. But at the next regular term of this court, September, 1920, a motion was made by plaintiff to docket and try this cause, and no term of this court has been held since that term until the present term. The court overrules said motion to dismiss for want of prosecution, to which ruling of the court the defendant excepts.''

It is earnestly insisted by counsel for appellants that the court was in error when it adjudged that under the recited facts the sitting of the court during the time allotted for its March term did not constitute a *term* of court within the meaning of the statute; while counsel for the Commonwealth contend to the contrary.

We held in the cases of Commonwealth v. Ewald Iron Co., 153 Ky. 116, and Commonwealth v. Schmidtt, 165 Ky. 351, and other succeeding ones, that the copied statute was constitutional and that "the purpose of the section was to make revenue agents diligent in the prosecution of cases." It is a remedial statute, and according to the universal rule should be liberally interpreted so as to accomplish the purpose of the legislature in enacting it. That rule for the construction of remedial statutes existed at common law, but by section 460 of the statutes it is enjoined that "its provisions are to be liberally construed with a view to promote its objects."

We are, therefore, confronted with the proposition whether the sittings of the court for a substantial part of the period prescribed for the holding of the term constitutes a "term of court," although the sittings were adjourned and no court was actually held during the greater portion of that period. Manifestly, it could not be successfully contended that in order to constitute a *term of court* within the meaning of the statute the judge must be actually present and presiding at sessions held every day of the fixed period for holding the term. We know from observation and experience that there are frequent adjournments of court for various causes and which would render almost every term of court invalid if all of the allotted days had to be occupied with the transaction of business. It would, therefore, seem plainly to appear that where there were actual sessions of court during a less number of days than those allotted there would be held a term of court and that it was not necessary for that purpose that each day should be so occupied. If we are correct in this, and as to which we have no doubt, where, may it be asked, should the line be drawn separating the number of days during which a session was held sufficient to constitute a term of court, and the cases in which it would not do so? If half of the time is taken up with actual sessions of the court who is it that would say that no term had been held? And if sessions held for only one-half of the time would constitute a

term of court, why should not sessions held on a less number of days do so, provided the time was sufficient to enable a party to do what the law required of him "at a term of court?"

In these cases, as recited by the court in its judgments, the Estill circuit court at its March, 1920, term convened and court was in open session, presumably for the transaction of any business pending before it, for the first two days, and according to the order book, and also as recited in the judgments, there were other open sessions on the 27th, 30th and 31st of March. It is insisted, however, by counsel for the Commonwealth that the last two days were after the time fixed by statute for holding the term and that they should, therefore, not be taken into the estimate. Section 964 of the statutes provides that, "A term in any district may be extended, if the business requires, so that it does not interfere with any other term in the district." In as much as the order recites that court was held on those two days, it is our duty to presume that the judge took the necessary steps to render those sessions legal and the business transacted thereat valid. This presumption, however, is sought to be rebutted by an affidavit of the clerk, filed only with the brief, to the effect that there was no order extending the March, 1920, term of that court. If we were to take cognizance of that affidavit it still appears that there were three days of the allotted time for the holding of the court in which there were sessions and business transacted, and surely, within those days there was afforded plaintiff a reasonable opportunity to practice these cases as required by the statute, or suffer its penalties upon failure to do so. The statute under consideration does not expressly or by implication require that the two terms of court referred to, and at one of which the practice it prescribes shall be taken, shall be two *full* terms, but it refers to them only as "two terms," and clearly, if the time actually consumed in an effort toward holding a term of court sufficiently furnished the "reasonable opportunity" the statute would apply. Of course, if there was *no* session of court during the time fixed for the term it could in no sense be said that there was one held and the statute would not apply, which feature of the question will be again referred to. Neither are we disposed to hold that it could be said there was a term of the court if, by reason of the number of sessions

and their duration, or because of the time during the allotted period for the term at which they were held, or for any other reason the litigant would not have a reasonable opportunity to do the thing or take the step required of him; but where, as in these cases, the court opened on the day fixed by law and was in session for two days and then adjourned to a fixed date and then held one or more sessions, it can not be said that there was no such opportunity.

Terms of courts at common law were those times or seasons of the year which were set apart for the dispatch of legal business in the superior courts, and in England there were four of them, and they were held during the leisure seasons of the year which were not occupied by the great festivals or feasts and were known as Hilary, Easter, Trinity and Michaelmas terms, and according to Blackstone's Commentaries, vol. 3, 275, ''Throughout all christendom, in early times, the whole year was one continual term for hearing and deciding causes.'' Surely, it could not be contended that there would be no term of court during those seasons, or in the more ancient period, throughout the year, if there was but one session and it occupied but one day. In Black's Law Dictionary, 1145, it is said: ''The word 'term' when used with reference to a court, signifies the space of time during which the court holds a session. A session signifies the time during the term when the court sits for the transaction of business, and the session commences when the court convenes for the term, and continues until final adjournment, either before or at the expiration of the term.'' From this it may be clearly seen that when there are sessions of the court during the time prescribed for the term, and at which business is or may be transacted, a ''term of court'' is held, although the sessions cease because of adjournment before the expiration of the allotted time for the full term. In 15 Corpus Juris, 884, it is recognized that a term of court is held, although there be adjournments throughout the alloted time for the sessions of the court. In the text on page 884 it is said: ''A term is not ended by adjournment to a subsequent day of the term, or a failure to adjourn to a specific time; nor does mere absence of the judge for several successive days during the term adjourn the term. A fortiori the declaration of a recess by the judge does not terminate the term.'' From that text it is seen that adjourn-

ments and recesses during the period allotted for holding the term does not prevent the sessions actually held from constituting a term.

Counsel for Commonwealth in support of their contention that there was not held a term of the Estill circuit court, within the meaning of the statute in March, 1920, rely upon the cases of Byrd v. State, 2 Miss., 166; Territory v. Emilo, of the Supreme Court of Mexico, reported in 86 Pac. 239; State v. Fleming, 126 N. W. 565, and the ,Ewald Iron Company case, *supra,* in each of which cases the term of court was not opened *at all* and there was no pretense of holding a session thereof, which of course presents an entirely different situation from what we have here. We would unhesitatingly say that the Commonwealth's revenue agent in these cases would not be visited with the penalty of dismissal provided in the statute, *supra,* if he had no opportunity to take the steps therein required. But, where he had at least three days in which to comply with the requirements of the statute by taking the necessary steps in these cases he can not be heard to say that he was furnished no opportunity therefor, or to ask us to determine under the facts that there was no March term of the Estill circuit court held in 1920.

Even without the imposed duty on us of construing the statute liberally, we are compelled to hold that the record shows that there was a term of the circuit court held in Estill county in March, 1920, and the records showing that no progressive step was taken in these cases at that term, nor at the prior one in December, 1919, it follows that the motion thereafter made to dismiss the appeals for such failure should have been sustained, and the court erred in failing to do so, and for that reason the judgments are reversed for proceedings consistent with this opinion. Whole court sitting.