## Tye, et al. v. Tinsley, Special Judge.

(Decided July 1, 1924.)

### Appeal from Whitley Circuit Court.

Judges—Special Judge Extraordinary has no Power to Call Special Term.—Special judge extraordinary, appointed and commissioned as provided in Acts 1924, c. 33, to hold a designated regular term of circuit court, has no power while so acting to call a special term of such court.

TYE & SILER for appellants.

H. C. GILLIS for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The single question presented by this appeal is whether a special judge extraordinary, appointed and commissioned as provided in chapter 33 of the Acts of 1924 to hold a designated regular term of circuit court, has the power while so acting to call a special term of such court.

Section one of the act provides that whenever the regular judge of the circuit court in any county is unable to hold "any regular or special term of his court," and another circuit judge cannot be secured to act as special judge as then provided by law, that the governor of this Commonwealth be then authorized and empowered to appoint a special judge extraordinary and grant to him a commission "to go into such county to hold the term of court."

Section 3 of the act reads:

"The special judge extraordinary, when so appointed and commissioned by the governor, shall have all of the power and authority of the regular circuit judge to go into the county and to hold the

regular term or the special term of the circuit court, or to try the case in said county, for which he has been commissioned, and when a special judge extraordinary has been commissioned to hold a regular term of the circuit court in any county of this Commonwealth, such regular term may be continued by the special judge extraordinary from day to day after the date fixed by law for the close of such regular term until the business of such regular term of the circuit court in such county is completed without further orders for the trial of any cases upon the docket of said court.''

The first section very clearly, it seems to us, only authorizes the appointment of a special judge extraordinary to hold a regular term of the court or a special term already provided for, and from this section alone it therefore appears that the legislature only contemplated that such a judge would be appointed and commissioned to preside at a regular term of court or a special term that had been called, but for which a presiding judge under the existing law was unavailable.

That this is true is even more clearly evidenced by the specification of such judge's powers in section 3 *supra.* He not only is not given the power in express terms or by reasonable inference to call a special term of the court if the duties he is commissioned to perform cannot be completed at the term, but in lieu thereof he is empowered to extend a regular term, but only ''from day to day after the date fixed by law for the close of such regular term until the business of such regular term of the circuit court in such county is completed,'' etc.

We are therefore clearly of the opinion that a special judge extraordinary is without power to call a special term of court, and the reason why this power was withheld is equally apparent. If given such power, a special judge extraordinary, although appointed and commissioned to preside at but a single term of a court, might extend his tenure much longer, if not indefinitely, by the simple expedient of calling one special term after another.

We are therefore clearly of the opinion that the special term of court called herein by a special judge extraordinary is unauthorized and void, and as the judgment holds otherwise, it must be and is reversed.