## Hinkle v. Rose, Judge.

(Decided March 28, 1930.)

HIRAM H. OWENS for plaintiff.

P. L. SENTERS for defendant.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Granting writ.

At the recent 1930 session of the Legislature there was introduced in the Senate Bill No. 158, the purpose of which was to change the time of holding circuit court in the various counties composing the Thirty-Fourth circuit court judicial district of the commonwealth of Kentucky, which includes Knox county. It had an emergency clause, and was passed by both Houses of the General Assembly and approved by the Governor on March 6, 1930. Among other things, it provided for a term of court in Knox county for thirty juridical days beginning on the fourth Monday in February, which in this year (1930) would be February 24, or ten days before the act became a law. The defendant and respondent, R. S. Rose, who is the circuit judge of the district, believing that it was his duty to hold court in Knox county for the remainder of the newly created thirty-day February term, for that portion of the time allotted to it following the passage of the act, convened court in Barbourville, the county seat of that county, on March 10, and impaneled a grand jury and proceeded to discharge the business of the court in the usual manner.

Earlier in the year, the plaintiff and petitioner, Jeff Hinkle, had been charged with homicide, and was bound over to the grand jury of the next term of the Knox circuit at his examining trial. After Judge Rose opened, not the *February* term of the Knox circuit court, but in reality a *March* term of that court, consisting, not of thirty juridical, but of only twenty juridical days, the grand jury so impaneled by him indicted petitioner, charging him with murder, and the trial thereof was set forward to the 18th day of March; whereupon he filed this original action in this court under the provisions of section 110 of our Constitution to enjoin, restrain, and prohibit respondent and defendant, not only from trying him on the 18th day of March, or on any other day included in the newly created term of the Knox circuit court, but also requiring him to sustain petitioner's motion to quash the indictment, and all of which was upon the grounds (1) that the newly created term at which respondent was indicted had no legal beginning, since the time for it to begin was long passed at the time the act creating the term took effect, and (2) that the alleged emergency clause in the act was void for the same reason set forth in the case of McIntyre v. Commonwealth, 221 Ky. 16, 297 S. W. 931, and other cases following it, each of which will be determined in the order named.

1. There is a wide distinction between the legal significance of a "term" of court and a "session" of court. The former is the legally prescribed time for the actual holding of sessions of court within that time, and each occasion of such holding is a "session" of the court, and there may be as many or more of them as there are days allotted to the term, and which is pointed out in the opinion in the case of Wood Oil Co. v. Commonwealth, 196 Ky. 196, 244 S. W. 429. However, we are not now concerned with the distinction between a *term* and a *session* of court, but the question is directly presented as to what is necessary for the creation of a legal *term* of court. At common law, and in all civilized countries so far as we are aware, a term of court must have a legal beginning, and it can continue no longer than a legally prescribed time for that purpose. A regular term of court in most if not all jurisdictions in America has a specified day for its beginning and also a designated day for its termination. But it has universally been regarded, and so held, that a session of a *regular* term

of court held by the judge thereof on any day or days intervening between the beginning and terminating day will be valid, and this, too, although a session may not have been held on the beginning day, since the law by the fiat of the statute creating the term set apart that day with all of the following juridical days as a time within which the judge of the court might preside and hold *sessions* of the court, and our opinion in the case of Stevens v. Young, 180 Ky. 154, 202 S. W. 481, should not be construed to the contrary, since the only question there involved was, not the legality of sessions of a regular term of court, but, on the contrary, it was, whether a *special* term of the court had ever been legally opened so as to authorize the presiding judge to adjudicate cases thereat.

Contrary to the later and present prevailing custom (to such an extent that it appears to have become the fixed law), at common law, if a judge of a court failed to appear on the day appointed for the beginning of a regular term of court, it would prevent the legal convening of the court thereafter, and would produce a lapsing of that term. See the text in C. J. p. 878, and page 888, sec. 242. The compiler of the text found on the latter page in support of the stated rule says, "A failure to open court on the day fixed for the beginning of the term results, at common law in a lapse or loss of the whole term, so far at least as the holding of court is concerned;" but the text continues by pointing out that such a result is not true as to sessions of the court if it was legally opened on the day for its commencement. To the same effect is the text in 7 R. C. L. 988, sec. 15, and we have found no authority to the contrary.

However, as above suggested, custom which has ripened into law has largely, if not entirely, abrogated that rule as it relates and applies to fixed regular terms; but the reasons for such abrogation do not apply to a special term called for a particular purpose at a particular time. As pointed out in the Stevens opinion, supra, such a called term, before it is legally brought into existence, must have present a qualified presiding officer to open it, and, until that is done, the call for the special term has not been legally put into effect. In that case the presiding judge of the court was not present on the day designated in the call, and he attempted to delegate authority upon the clerk of the court to open and continue it to another day not designated in the call, and

we held that the trial of the case set for the special term could not be legally tried on the adjourned day of the illegal opening of that term, which adjourning order itself was made, not by the judge, but by the clerk of his court, under an unauthorized delegation given to him by the judge.

In this case there was never any legal commencement (and in the very nature of things could not be) of a March, 1930, term of the Knox circuit court, since the act under consideration created a February term of that court having thirty juridical days, which was the only one that the Legislature ever attempted or intended to create. There was never any commencement or beginning of that term, either by the fiat of law or by the presence of a duly qualified judge to preside over it, and all for the manifest reason that none such was possible, since the act was not passed and did not take effect until long after the day fixed by it for the beginning of that term and which effective day was after the expiration of ten days of the time which had been allotted to that term.

The term under the circumstances, if held at all, would not be a February term, but a March term, of the Knox circuit court, and it would not be a term of thirty juridical days, but one of only twenty juridical days, or of the number of days that had not expired when the act took effect. In view of the fact that terms of courts, in order to be legal, must have a fixed commencement, we conclude that Judge Rose had no authority to attempt to hold the Knox circuit court for the remaining portion left of the February term of court attempted to be created by the act under consideration, which did not become a law until long after the designated commencement date. The proposition so harmonizes with fundamental principles relating to the holding of terms of court that we feel it to be unnecessary to lengthen this opinion by a further discussion of the question, and will content ourselves with saying that the position of counsel for petitioner with respect to ground 1 is approved by us, and which brings us to a consideration of ground 2.

2. The alleged reason of crowded dockets for the emergency clause in the McIntyre opinion, and others following it (see Shephard's notes), was disproven by the facts of which we could take judicial knowledge. It does not so appear in this case, if for no other reason, because more and additional time for the year was allot-

ted by the 1930 act for the holding of courts in that judicial district, and to the extent of such additional allotment the crowded condition of the dockets of that district was or could be relieved. We therefore conclude that such fact distinguishes this case from the doctrine of the McIntyre opinion.

But, for the conclusions hereinbefore stated with reference to ground 1, the motion for the prohibitory writ is sustained, and the respondent is hereby enjoined and prohibited from holding any portion of the lapsed newly created February term of the Knox circuit court, and he is ordered and directed to set aside all orders made therein and expunge them from the record, including the one overruling petitioner's motion to quash the indictment returned against him.

The whole court sitting.