## Sampson et al. v. Shepherd et al.

(Decided Oct. 9, 1934.)

FLEM D. SAMPSON, L. G. CAMPBELL, H. M. CLINE and J. M. ROBSION for appellants.

STEPHENS & STEELY, G. W. STEPHENS and GEORGE W. HATFIELD for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

Some years ago, appellant John W. Sampson was the owner of certain land in Whitley county. He executed a number of mortgages on it and there were some attachment liens levied from time to time. Suits to quiet title and to enforce these liens were filed and to some of them defenses were interposed. Several years passed, during which the courthouse burned, before disposition was made of the cases. Hon. E. E. Bell was the duly acting special judge at the regular December, 1931, term of the McCreary circuit court for the trial of the consolidated cases. During that term an agreed order was signed by the attorneys for the plaintiffs and by Sampson in person agreeing that Judge Bell, as special judge, should try the case in the courtroom in Whitley City on January 22, 1932, or any day thereafter convenient to him, and when "so tried by said special judge it shall have the same force and effect as

662

the judgment of the regular judge of this court.'' While not expressly calling or designating this as a special term of the McCreary circuit court, that was the manifest intention and effect. Pursuant to that agreement, the case was heard and the orders duly entered in the order book of the court under the caption of ''Special January Term.'' Another order was made on that day reciting that several attorneys, by name, and their respective clients interested in the litigation, had agreed to the trial by Judge Bell. Sampson and other parties filed pleadings, participated in the trial, and judgment was rendered and entered in due course. The various properties were sold under this judgment. Exceptions to the report of sale were overruled and the proceeds were distributed to the tax claimants and others holding liens against the property. While all this was being done, there was no sort of objection because of jurisdiction or authority. Then in April, 1932, Sampson filed a motion to vacate the judgment and order of sale as being void upon the ground that Judge Bell was not a special judge of the McCreary circuit court and had no right or authority to assume jurisdiction of the case; that notwithstanding the agreed order he was without jurisdiction of the parties and the subject-matter of the action; and that the orders were entered when there was no term of court. That motion being overruled, the appeal has been prayed and granted in this court from the several final judgments.

To support this ground for reversal or declaration of invalidity of the judgment, counsel for appellant have cited us to a section of the statute that relates to courts of continuous session, not applicable to the McCreary circuit court, and to general principles that an effectual and valid judgment must be entered at a term of court with a duly authorized judge presiding, and that an agreement of the parties could not confer judicial power upon any person. See Stevens v. Young, 180 Ky. 154, 202 S. W. 481; Hinkle v. Rose, Judge, 233 Ky. 606, 26 S. W. (2d) 541; Philpot v. Commonwealth, 240 Ky. 289, 42 S. W. (2d) 317. Reliance is had upon Tye v. Tinsley, 204 Ky. 219, 263 S. W. 743, which held that a special judge presiding at a regular term of court was without authority to call a special term of that court. The case would be controlling but the statute upon which the decision was based was subsequently repealed. This

case must be ruled by Hall v. Eversole's Adm'r, 251 Ky. 296, 64 S. W. (2d) 891. It was there held that under the statutes then current and also in effect at the time this case was tried, a special judge may call a special term to try cases he was designated to try. As here, the special judge in that case had been agreed upon by the parties. We find no merit in appellants' claim of invalidity.

Another ground submitted for reversal of the judgment is error in the description of the property to be sold. There is invoked the rule that, although in a foreclosure suit, the court will adjudicate all claims and grant all the relief to which the parties may be entitled under the pleadings and proof, yet the judgment cannot go beyond the mortgage and create other rights or liens or enforce other claims or demands, as it must conform to and be supported by the pleadings. The application sought to be made of this rule is that the description of the land ordered sold is not the same as that contained in the mortgage to M. B. Campbell. The mortgage locates the land and describes it by metes and bounds as containing 500 acres, and, in addition, certain lots in a subdivision of Whitley City. As we understand, this tract was afterward laid off in streets and alleys and 2,000 town lots by a corporation while it was the owner.

By reason of the various liens asserted and the fact that many of these lots had been sold (but as to whether cognizance was taken of the existing liens in such sales is not clear), the case became quite complicated and it was necessary that a special commissioner should ascertain and report the order of the liens and various sales. The judgment described in detail the property owned by Sampson within the territory as designated on the plat and map of the subdivision. In a separate paragraph the judgment excepted from the sale the lots and parcels sold and conveyed prior to the dates of the respective mortgages and liens and also excepted the streets and public ways as indicated on the plat which was of record. To avoid lengthy detailed advertisement, the judgment directed that the newspaper notice of the sale should be in certain general language and not by particular boundary or description. Reference was to be made to the map of record in the county court clerk's office and also "same to be sold in blocks. For a complete description of the parcels and blocks to be

sold, see judgment in Order Book 3, page 36.'' On this appeal counsel for the appellant quote this general description for this notice of sale (omitting, however, that part just quoted), and regard it as the only description in the judgment. They then argue that it is a variance coming under the rule above outlined. The complaint that the judgment did not exclude the public streets and ways is not sustained by the record. The judgment seems to us to sufficiently describe the property subject to be sold, regard having been had for the various exceptions which developed. The entire property adjudged subject to the liens was sold in numerous parcels and then as an entirety and so sold as a unit to some of the mortgagees, for a fraction of the debts.

We are of the opinion that the rights of the appellant were carefully and sufficiently preserved throughout the extended and complicated litigation.

Wherefore the judgments are affirmed.