## Baker v. Commonwealth.

June 15, 1948.

Rehearing denied October 12, 1948.

L. J. May for appellant.

A. E. Funk, Attorney General, and Armand Angelucci, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

Appellant was convicted of malicious cutting and wounding with intent, &c., the jury fixing punishment at two years confinement in the Reformatory. The record does not contain a bill of evidence, since the ground for reversal is based on appellant's contention that the court was without jurisdiction to try him at the time

because the court did not convene on the first day of the statutory term.

Appellant was tried at the regular 1947 term of the Pike circuit court; the jury could not agree on a verdict, and the case was continued to the next September term when the case was again continued until the February 1948 term. Upon the calling of the case appellant filed objection to the trial "at this time because the February term of this court was not opened on the first Monday in February as required by law, but to the contrary the court attempted to convene on the 9th of February 1948, and for that reason there is now no regular or special term of court now in session, and this court is now without jurisdiction to try this case at this time." This motion was overruled.

In overruling the motion the Judge who lived in Letcher County referred to the fact that during the preceding week the weather was bad, and the highways impassible. He pointed out that appellant's trial had been set prior to the February term for the day on which he was tried; that appellant had previously secured process for the attendance of his witnesses, hence he was, as we are, unable to see how appellant might be prejudiced by trial at the time.

In support of his contention appellant cites several sections of the Constitution and the statute, which, upon reading, we find nothing that would tend to deprive the court of jurisdiction either of party or subject matter. The only section of the statute which might have any possible bearing is 23.050, KRS, which provides that a regular term of each court shall commence in each county at the "following named time." This section fixes one term of the Pike circuit court on the first Monday in February to continue for 18 juridical days.

Counsel for appellant cites Thompson v. Commonwealth, 266 Ky. 529, 99 S. W. 2d 705; Mackey v. Commonwealth, 255 Ky. 466, 74 S. W. 2d 915; Wood Oil Co. v. Commonwealth, 196 Ky. 196, 244 S. W. 429, and Hinkle v. Rose, Judge, 233 Ky. 606, 26 S. W. 2d 541, 542, in support of his contention. We do not find that these cases have bearing on the question. The Mackey case has no relation whatever. The Thompson case was reversed on the ground of lack of jurisdiction, because

appellant was tried during an extended term which was in violation of a statute.

In the Wood Oil Company case we held that there was a legal term where it appeared that the Court convened at the appointed time and held sessions for two days, and then held no sessions until near the end of the fixed term. Counsel was probably impressed with what we said in regard to the contention that no legal term was held, relying on several cases from other courts. In referring to these we said that in the cases cited there was no legal term because "the term of court was not opened at all, and there was no pretense of holding a session thereof, which presents an entirely different situation from what we have here."

In the Hinkle-Rose case we issued a writ prohibiting the circuit Judge from holding a portion of a lapsed term of court in a newly created district, contrarily to what we found the law to be. However, in that case we said what seems to us to be conclusive of the technical point raised here. "But it has universally been regarded, and so held, that a session of a regular term of court held by the judge thereof on any day or days intervening between the beginning and terminating day will be valid, and this, too, although a *session* may not have been held on the beginning day, since the law by the fiat of the statute creating the term set apart that day with all of the following juridical days as a time within which the judge of the court might preside and hold sessions of the court." In that case we distinguished Stevens v. Young, 180 Ky. 154; 202 S. W. 481.

Counsel does not point out any reason why appellant's rights were prejudiced because of his trial at a session during the second week of a regular term, nor can we conceive of any. He stands squarely on the ground of want of jurisdiction, and a reading of the sections of the Constitution, statutes noted and cases cited does not convince us that the court was without jurisdiction.

The judgment is affirmed.