## Coleman v. Commonwealth.

October 22, 1948.

W. A. Daugherty for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

Upon appeal in a former trial of this case the judgment was reversed. 304 Ky. 115, 200 S. W. 2d 151. Upon retrial of the case the jury again returned a verdict of guilty and fixed appellant's punishment at 21 years confinement in the penitentiary. He prosecutes this appeal.

The evidence on the second trial was substantially the same as in the first trial, and we deem it entirely unnecessary to make a repetition of that evidence. Appellant is now urging 3 grounds of reversal: (1) The court did not have jurisdiction to try the case. (2) The court erred in overruling defendant's motion for continuance. (3) The verdict is contrary to the evidence and resulted from passion and prejudice on the part of the jury.

Under (1) above it is urged that the court is without jurisdiction in that the February term of court was not commenced on the first Monday in February, the statutory date for such commencement. Due to the impassable condition of the roads and the extreme cold weather, the Judge of the court could not make the trip from Whitesburg to Pikeville and instead of opening court on the second day of February, which is the first Monday, the due date for the opening of court, he opened court on the 9th day of February, 1948. Appellant takes the position that a term of court must be opened and commenced on the date. fixed by the statute in order that the court may have jurisdiction to dispatch the business of the court at that term. It will be noted, however, that the trial of appellant had formerly been set for the 19th day of February. It is obvious, therefore, that the set trial date did not appear in that period of the term when there was no session of court. Counsel for appellant states in his brief that he has failed to find where this precise question has been directly presented to this court. We need merely call attention to the fact that in Van Baker v. Commonwealth, 308 Ky. 43, 213 S. W. 2d 521, this identical jurisdictional question was involved, wherein we held the court did have jurisdiction. We yet believe the decision therein to be correct and proper, thus obviating the necessity of restating our conclusion therein.

Appellant states that, "error number 2 is no longer relied on and needs no further notice." Consequently, we shall treat it as abandoned.

Under (3) above we do not deem it necessary to extend our consideration since, as stated above, the facts in this case are substantially the same as those in the first trial. Upon the same evidence as set out in the

former opinion herein, excepting that relative to the $25,000 suit filed by the widow of Lawson Hager against appellant, and because of which we reversed the former judgment, the jury has returned a verdict of guilty. We find the third ground without merit.

Wherefore, the judgment is affirmed.