**Arch McDONALD, Appellant,**

v.

**Ed WHALLEN et al., Appellees.**

Court of Appeals of Kentucky.

June 2, 1967.

Thomas F. Marshall, Frankfort, for appellant.

William A. Young, County Atty. of Franklin County, Frankfort, for appellees.

STEINFELD, Judge.

On July 12, 1966, a local option election was held in Swallowfield precinct No. 22 located in Franklin County. 57 persons voted for and 79 persons voted against the continued sale of alcoholic beverages in that precinct. Arch McDonald, the appellant herein, who resides in that precinct filed suit in the Franklin Circuit Court to contest that election. KRS 242.120. From a judgment holding that a regular and valid local option election had been held McDonald appeals.

McDonald claims that the order of the Franklin County Court directing that the

election be held was entered at a special term of the county court and not at the regular term. KRS 242.020(4) directed that after a petition for local option election had been filed " * * * the county court shall, at the current or the next regular term, make an order on the order book of the court directing an election to be held in that territory." The day established as the first day of each regular monthly term of the Franklin County Court was and is the first Monday of each month. In 1966 the first Monday in May fell on the 2nd day of that month. On that date the following order was entered by that court.

"Regular Term Franklin County Court Held in Court House in City May 2, 1966 Hon. Robert T. Harrod, Presiding Judge

ORDER

The Court upon its own motion hereby orders the regular May, 1966 term of the Franklin County Court continued from day to day until Saturday, May 29, 1966.

This the 2nd day of May, 1966.

/S/ Robt. T. Harrod
JUDGE, FRANKLIN COUNTY COURT"

No order was entered between May 2, 1966, and May 29, 1966, adjourning the regular May term and no order was entered between those dates calling or directing the holding of a special term of that county court. KRS 25.120. Renshaw v. Cook, 129 Ky. 347, 111 S.W. 377, 33 Ky.Law Rep. 860. From time to time between May 6, 1966, and May 29, 1966, various orders unrelated to the local option election were entered in the county court. These orders bear the caption "Special Term of the Franklin County Court". The clerk testified that these several orders were prepared by various local attorneys and were entered by the court without correction being made. He said that it had been a custom of the court to show that orders entered on the 1st Monday of the month as having been entered at the regular term whereas orders entered on other days indicated that they were entered at a special term.

The order directing that the local option election in the Swallowfield precinct be held was entered on May 20, 1966, and it showed that it was entered at the "Regular Term" of court. A controversy rages as to whether the order was entered at a regular term or at a special term.

McDonald cites Hinton v. Stewart, 272 Ky. 162, 113 S.W.2d 1150; Steele v. Perry County, 299 Ky. 827, 187 S.W.2d 302 and Hardy v. Commonwealth, Ky., 336 S.W.2d 338, in support of his contention that the order directing the holding of the local option election was entered at a special term and therefore is contrary to KRS 242.020 (4). Those cases involved situations in which a circuit court held simultaneous and conflicting terms. They are not applicable here.

▮ Courts speak only through their records. Simpson v. Antrobus, 260 Ky. 641, 86 S.W.2d 544; Poynter et al. v. Smith, 290 Ky. 169, 160 S.W.2d 380. The order of May 2, 1966, directed that the regular May term continue from day to day until May 29, 1966. In Hinkle v. Rose, Judge, 233 Ky. 606, 26 S.W.2d 541, we decided: " * * * that a session of a regular term of court held by the judge thereof on any day or days intervening between the beginning and terminating day will be valid, * * * ". Baker v. Commonwealth, 308 Ky. 43, 213 S.W.2d 521. The regular term of the Franklin County Court was kept open. Richie, Judge v. Peiper's, Ex'x, 99 Ky. 194, 35 S.W. 279, 18 Ky.Law Rep. 87. The order directing that a local option election be held was entered at the regular term of court. Howard v. Farmer, 268 Ky. 303, 104 S.W.2d 957.

McDonald also contends that the advertisement which the sheriff caused to be inserted in the newspaper did not comply with KRS 242.040 and violates the law stated in Terrill v. Taylor, 271 Ky. 475, 112 S.W.2d 658. The statute provides in part that: "The sheriff shall have the order published

\* \* \* and shall also advertise the order by written or printed handbills \* \* \*". Pursuant to KRS 242.040 the sheriff caused the order to be published. He did not advertise the following part of the order:

"It is further ordered that the Clerk of the Franklin County Court and the Sheriff of Franklin County carry out their respective duties as required by law pursuant to this Order and K.R.S., Chapter 242.

Witness my hand this 20th day of May, 1966.

/S/ Robt. T. Harrod
Judge, Franklin County Court"

We have held that the provisions of KRS 242.040 as to publication and posting of notices of elections are mandatory, although provisions concerning the time of such posting and publication are directory. Hall v. Sturgill, 305 Ky. 445, 204 S.W.2d 496. It should be noted that all of the order pertaining to the holding of the election was published. This was compliance with all of the mandatory provisions of the statute. In Terrill v. Taylor, supra, the sheriff published only a synopsis of the order.

McDonald asserts that the advertisement and the notices posted pursuant to KRS 242.040 and KRS 424.140(2) did not contain the substance of the question to be voted on. KRS 424.140(2) provides that "Any advertisement of an election shall state the time and purpose of the election, and if the election is upon a public question the advertisement shall state the substance of the question."

The advertisement, among other things, stated that said election was " \* \* \* to be held on Tuesday, July 12, 1966, between the hours of 6:00 A.M. until 6:00 P.M. \* \* \* to take the sense of the voters \* \* \* upon the question whether or not the sale of alcoholic beverages within said precinct shall continue to be permitted, \* \* \*". The advertisement also referred to " \* \* \*

the calling of a local option election \* \* \*". We hold that the time and purpose of calling the election and the question to be decided were clearly stated. Keeling v. Coker, 294 Ky. 199, 171 S.W.2d 263.

The judgment is affirmed.

All concur.