## Diener, et al. v. Lane, et al.

(Decided June 11, 1915.)

### Appeal from Mason Circuit Court.

1. Intoxicating Liquors—Local Option—County Unit Law.—It was Competent for the legislature, under Section 61 of the Constitution,

to enact what is known as the "County Unit Law,", whereby the county is given the right to control and regulate the. sale of liquor in all cities, towns, districts and precincts within the county.

2. Intoxicating Liquors—Statutes—Construction of Sections 2554 and 2560, Kentucky Statutes.—The Act of 1914, now Sections 2554 and 2557, Kentucky Statutes, did not repeal the Act of 1912, now Section 2560 Kentucky Statutes. As each of these sections has its place in the scheme of regulation and they are not in conflict, neither of them should be construed to repeal the other.

3. Intoxicating Liquors—County Unit Law—Contest of Election Held Under.—The validity of a local option election held under the county unit law was not affected by the failure of the petition or petitions for the calling of the election to state the postoffice addresses or voting precincts of the petitioners, there being no requirement of the statute that such particularity shall be observed; nor was the validity of the election affected by the fact that the question in the form submitted to the voters contained in capital letters the name of the county in which the election was held; the question as a whole being in the form required by the statute.

STANLEY E. SLOSS, J. H. HAZELRIGG, J. M. COLLINS and W. W. WATTS for appellants.

E. L. WORTHINGTON and STANLEY F. REED for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This appeal brings to us for review a judgment of the Mason Circuit Court sustaining, as did that of the contest board, the validity of a local option election held in Mason County, September 28, 1914, under the county unit law. There were, as certified by the county board of election commissioners and found by the contest board and circuit court, 2,159 votes cast in favor of and 2,490 votes against the sale, barter or loan of spirituous, vinous or malt liquors in Mason County, making the majority against the sale, barter or loan of such liquors 331 votes.

The validity of the election is assailed by appellants on the ground that the county unit law is unconstitutional, and that the act of 1914 (Acts 1914, page 49), amendatory thereof, is in conflict with and operated as a repeal of the county unit law. In the very recent case of Young, etc. v. Trimble, etc., 164 Ky., 177, these two questions were considered by the whole court and decided adversely to the contention of the appellants here. As the opinion in that case must control our decision in this one, it is deemed unnecessary to reiterate

the reasons set forth in the opinion for the conclusion therein reached.

In connection with the foregoing contention of the appellants, it is incidentally stated in the brief of their counsel that the county unit law is also violative of the Constitution of the United States and of the provisions of the interstate commerce clause thereof and the laws of Congress made pursuant thereto; but it is evident that counsel are not serious in the latter contention, as there is no attempt to support it by argument or authority, nor do we suppose any reason can be presented for sustaining it.

It is a further contention of the appellants that the county judge erred to their prejudice in overruling their motion to require appellees to set out the postoffice address or voting precinct of each of the petitioners for the holding of the election. It is doubtful whether this matter was made a ground of contest on the hearing before the contest board. "The notice shall state the grounds of the contest, and none other shall afterwards be heard." Acts 1891-92-93, page 151. Being in doubt whether the notice of contest specifically gives as a ground thereof the overruling of their motion to require the postoffice addresses or voting precincts of the petitioners to be set out, we deem it proper to say that the statute does not require that the petition or petitions for the election shall state the postoffice address or voting precincts of the petitioners (Section 2554, Act of March 13, 1914), and their failure to give them in this instance resulted in no harm to appellants, as the petitions laid over from one term of the county court to another, thereby giving appellants a month in which to investigate and ascertain whether the petitions as a whole contained the names of as many as twenty-five per cent of the legal voters residing in Mason County, as required by Section 2554 of the statute.

Appellant's final contention is that the question submitted to the voters and printed on the ballot "was confusing and misleading, in that it did not submit to the voters the actual question at issue; and emphasized by distinct type the error of which appellants complain." The form of the question submitted to the voters was: "Are you in favor of the sale, barter or loan of spirituous, vinous or malt liquors in MASON, COUNTY, KENTUCKY, and that the provisions, of the local 'option law

and its prohibition shall apply to druggists also?" It will be observed that the words "Mason County, Kentucky," were printed in capital letters. It cannot be claimed that the question in the form submitted to the voters of Mason County did not conform to the requirements of the statute, therefore, no reason is perceived for holding that it was in any way misleading. The facts that previous to the election intoxicating liquors could be legally sold nowhere in Mason County except within the city of Maysville, gave the opponents of the sale of liquor an opportunity to argue to the voters that unless they voted against the proposition, liquor might be sold in the county elsewhere than in the city of Maysville, and that the words "Mason County, Kentucky," were printed in distinguishing type to give emphasis to this argument, cannot affect the validity of the election. The only legitimate inquiry is, was the question submitted to the voters in the form required by the statute? As this question must be given an affirmative answer, it necessarily follows that the attack upon the validity of the election on the ground indicated cannot be sustained.

Judgment affirmed.