## Leonard v. American Telephone & Telegraph Company of Kentucky.

(Decided November 6, 1931.)

840

C. E. RANKIN and E. H. GAITHER for appellant.

CHENAULT HUGUELY and W. H. LAWSON for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Appellant and plaintiff below, A. F. Leonard, owns a farm in Mercer county. The appellee and defendant below, the American Telephone & Telegraph Company of Kentucky, is a corporation operating a telephone line, and it concluded to erect, or to reconstruct, a line of telephone from Frankfort, Ky., to Danville, Ky., a part of which traversed the farm of plaintiff. On April 7, 1930, pursuant to negotiations theretofore had, plaintiff and his wife executed a writing to defendant whereby they conveyed to it, in consideration of $500 then and there paid, an easement across his farm and thereby gave to it the right to construct its telephone line along such conveyed easement. It immediately did its work and completed its line, following which, and on December 27, 1930, plaintiff filed this action in the Mercer circuit court against defendant charging that it, "without his consent, illegally and wrongfully came upon his farm, with teams, trucks, automobiles and men, dug a line of holes across the same and placed therein a large number of poles with anchors and braces attached thereto, and strung along and over the same on cross-arms, a large number of wires; that in so coming upon his land the defendant appropriated to its own use a strip thereon

of considerable width and extending entirely across his farm," whereby he was damaged in the sum of $2,000, for which he prayed judgment.

The answer denied the wrongful entry by defendant upon plaintiff's farm, and in another paragraph the deed hereinbefore mentioned was relied on. Plaintiff's reply thereto admitted the execution of the deed conveying the easement to defendant, but sought to avoid it by this averment: "He states that the defendant through its said agent, in order to induce him to sell its said easement at the price of $500.00, or $25.00 per pole, and to execute said paper, stated to this plaintiff that, as agent for the defendant, he had already purchased a like easement across each of the different farms beginning at Danville and extending northwardly to the farm of this plaintiff, thereby including all of the fifteen farms or more above referred to; that he had purchased said easements at a price of $16.00 per pole or less; that he had not paid any property owner within said distance in excess of $16.00 per pole; that this plaintiff was the only property owner from Lexington pike (the north boundary of his farm), to Danville who had not sold the easement to the defendant at the price of $16.00 per pole or less; that the defendant had an established limit or maximum amount which it would pay for said easement, under any circumstances of not more than $25.00 per pole; that the defendant possessed the power of condemnation, and desired to begin work the following week and unless this plaintiff signed the paper and sold it at that time condemnation proceedings would be immediately instituted, which would throw heavy expenses of litigation upon this plaintiff; that, although he had not paid any other property owner in excess of $16.00 per pole, he would pay the plaintiff $25.00 per pole as the maximum or limit that the Company would pay any person per pole under any circumstances."

He further alleged that he was unfamiliar with the value of such an easement right, nor was he informed as to the damage that the exercise of the right would produce to his farm and that such representations by defendant's agent were false and believed by him to be true, and but for which he would not have executed the easement conveyance. Defendant's demurrer filed thereto was sustained, followed by a judgment dismissing the action upon plaintiff's failure to plead further, and from that judgment he prosecutes this appeal.

There was also contained in the answer a plea of estoppel by acquiescence based upon the fact that plaintiff had stood by and permitted defendant to construct its line across his farm at great expense without objection. The judgment does not reveal the ground upon which the demurrer was sustained to the avoidance plea contained in plaintiff's reply, and we are, therefore, not informed as to whether that ruling was based upon: (a) Because the matter pleaded in avoidance of the deed was a departure from the petition; or (b), such estoppel plea, or (c) whether the allegations of fact as constituting the alleged fraud were sufficient misrepresentations in subject matter as to entitle plaintiff to relief therefor.

Ground (a) presents a question more or less involved and its proper solution is by no means clear. In support of it, learned counsel cite a number of authorities, including cases from this court, holding that a plea of liberum tenementum is a good defense in an action of trespass quare clausum fregit, and which is undoubtedly true, since all courts from time immemorial have so declared, and which is not disputed by learned counsel for plaintiff in this case. But the question presented is: What is the proper procedure to avoid or obtain relief from the liberum tenementum plea, i. e., whether the deed must first be avoided in an independent action for that purpose, or whether it may be avoided, when presented and relied on, by facts averred in a responsive pleading? In the effort to sustain the right to pursue the latter course, a number of cases are cited from this court wherein tort-feasors compromised and settled with persons they had injured and damaged, and the latter afterwards ignored such settlements and filed actions for damages, followed by answers defending in part on such compromise settlements, which in turn were permitted to be avoided by reply and the cause of action as contained in the petition to proceed to final termination. This court, in the case of Early v. Early, 182 Ky. 757, 207 S. W. 466, also held that an antenuptial contract might be avoided in the same way, and that a reply containing such matter in avoidance was not a departure from the cause of action stated in plaintiff's petition; the action being one filed by a widow to recover her distributable share in her deceased husband's estate. But the writings in those cases were not of the character or

effect of the writing involved in this case. None of them conveyed title, as is done by deeds conveying real estate, or conveyed any permanent interests therein.

In the latter case (and which is the true one in this case), the one who executes the instrument divests himself of some title to realty and it becomes vested in his grantee, and while there may be extrinsic facts entitling the grantor by an appropriate proceeding to cancel such a writing, yet and until that is done the title remains in the grantee and of course out of the grantor. While that situation exists, the grantor cannot make the necessary allegation that he is the owner and in possession of the premises trespassed upon so as to sustain an action for trespass quare clausum fregit. No such situation is created by the execution of instruments containing releases, relinquishments, and surrenders only. They are not *conveying* in their nature and are not accompanied by the transfer of title, but which is true, as we have seen, upon the due execution of instruments relating to interests in real estate. Therefore, we repeat that the question involved in ground (a) is, to say the least of it, very much involved, but which we will not attempt to determine in this case because of the conclusions we have reached with reference to ground (c), hereinafter discussed, and for the same reason we will pass ground (b) without determining it.

In disposing of ground (c), it should be remembered that in law fraud based upon misrepresentation does not arise unless the misrepresentation is: (1) False; (2) material; and (3) unknown to but believed and acted on by the defrauded party to his detriment. If either of those essentials is wanting, no cause of action exists, and the law is so well settled to that effect that it is not deemed necessary to insert authorities in support thereof.

Taking up the first essential, i. e., that of falsity, we find that plaintiff avers in the paragraph of his reply to which the court sustained the demurrer, that the false representations relied on consisted in defendant's agent telling him that similar easements had been purchased from other surrounding farmers for not more than $16 per pole, and that the agent was not authorized to pay any one exceeding $25 per pole, when in truth and in fact the easement over and across all of such other farms had been purchased at more than $16 per pole, and they had not been purchased across some of the farms

844

at all, nor was the agent limited to paying a maximum price of $25 per pole, and that, therefore, such representations were false; and all of which might be literally true if defendant had theretofore purchased any of the easements across neighboring farms at $16 and one mill per pole, or the representation, as to the maximum price to be paid per pole was $25 and one mill. In other words, from ought that appears in the averments of the reply to which the demurrer was sustained, the facts constituting the falsity of the alleged representations may have been so insignificant and infinitismal as to be trivial, unsubstantial, and immaterial and which, if true, it would destroy this necessary element of actionable misrepresentation.

The text in 26 C. J. 1098, sec. 29, in discussing this necessary element (falsity) of actionable fraud based upon misrepresentations (on page 1100), says:

"The representation must be materially and substantially false or it cannot form the basis of a charge of fraud. Language technically inaccurate but substantially true does not constitute fraud." We have examined the cases cited in the notes in support of that text, and have also consulted the writings of other acknowledged authors upon the subject, and we have found no dissent therefrom. All of them, and all adjudged cases, are unanimous to the effect that "language technically inaccurate but substantially true does not constitute fraud."

Here, the only falsity, if any, in the alleged statements of defendant's representative who procured the easement deed from plaintiff, according to the averments of the reply, consisted in the fact that he had not paid for similar easements to neighboring farmers of plaintiff more than $16 per pole, without further alleging that he had paid therefor a substantial and material sum more than that amount; and that he was limited in his authority to pay like trivial amounts in excess of $25 per pole.

The pleading to have exhibited a right of action for fraud (conceding that the representations were of the character and kind that, if false, within the law, would produce fraud) should have alleged substantial and material falsity, and should not have been so framed as that, under the settled rule for the construction of plead-

ing, no substantial or material falsity was averred. That well-known rule is; that pleadings will be construed most strongly against the pleader, and to avoid the penalty of an adverse construction thereof the averments therein should clearly and distinctly state facts entitling the pleader to a cause of action, or defense. That requirement, as we have seen, was not followed in this case, since plaintiff's avoidance pleading did not disclose actionable misrepresentation, because, under the rule supra, he did not make it appear therein that the false statements of defendant's agent were more than trivial. When they are only so they are not cognizable in law, for the maxim is: "De minimis con curat lex." See Broom's Legal Maxims, star page 134. Having reached that conclusion, a discussion of other matters is unnecessary.

Before closing the opinion we cannot refrain from observing that if plaintiff *had* alleged in his reply substantial falsity, so as to relieve his avoidance pleading from the criticism we have applied to it, and had thereby removed the quality of triviality in the falsity of the representation relied on, it still appears that he was paid for the easement across his land at the rate of $25 per pole, or $9 more than what he says defendant's agent represented as the maximum amount paid to other landowners in the vicinity. For ought that appears from plaintiff's pleading, all of them may have been paid substantial sums in excess of $16 per pole, but not exceeding $25 per pole, the amount paid to plaintiff. If such were the facts, then plaintiff was not deceived or misled into accepting a *less* price for his easement than the one paid to and received by his neighbors for a like privilege.

It follows that the court did not err in sustaining the demurrer to the avoidance matter contained in the reply, and in dismissing the petition upon plaintiff's refusal to amend.

Wherefore, the judgment is affirmed.