## Laswell et al. v. Cooper et al.

(Decided Dec. 11, 1936.)

JAY W. HARLAN and W. N. FLIPPIN for appellants.

E. T. WESLEY, H. C. KENNEDY, SAM KENNEDY, GLADSTONE WESLEY, J. M. KENNEDY and A. E. FUNK, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This is an appeal from a judgment of the Pulaski circuit court sitting in equity. A petition was filed by appellant Laswell and various others engaged in the business of selling liquor in Pulaski county, seeking to have the court adjudge a local option election held in that county on September 15, 1936, to be void. A notice of a motion for an injunction to enjoin the defendant officers from issuing or prosecuting any warrants against the plaintiffs under chapter 1 of the Acts of 1936 (Ky. Stats. 1936 Ed. sec. 2554c-1 et seq.) was served on the

defendants. No motion for an injunction was made, however, but a demurrer was filed to the petition, and by agreement the case was submitted on the demurrer for final judgment, and, the plaintiffs declining to plead further, their petition was dismissed. This appeal followed, and an order was asked in this court for an injunction pending the decision of the appeal. A temporary order preserving the status quo was entered here until the record could be investigated and the merits of the controversy determined.

Three grounds are relied on to reverse the judgment: (1) That the county judge did not order the election at a regular term or current term of the county court; (2) that section 6 of chapter 1 of the Acts of 1936 (Ky. Stats. sec. 2554c-6) does not provide for a fair and comprehensive submission of the question to be voted on and is therefore invalid; and (3) the whole act is unconstitutional because, it is alleged, section 17 thereof (Ky. Stats. sec. 2554c-17) is discriminatory.

It is alleged in the petition that, pursuant to the petition for a local option election filed on July 11, 1936, the county judge "entered an order upon the order book of said county court, which order *was dated* August 12, 1936." This, obviously, is not an allegation that the order was *entered* on August 12. Furthermore, an examination of the certified copy of the orders, filed as exhibits with the petition, purporting to be entered under date of July 20, 1936 (the date of the regular term at which the election should have been called), shows that the order is not itself dated at all. It is sought to have us presume that the order was entered on or after August 12, 1936, because of the fact that immediately preceding this order, in the order book, is a memorandum reading: "August 12, 1936—Bertha F. Wolfe—Probate Will." Certainly there is no apparent connection between the two entries as to either substance or date. In addition to all this, immediately preceding the Bertha F. Wolfe entry there appears: "July 21, 1936—J. P. Colyer—Probate Will." Immediately following the list of memoranda and orders, including the order calling the local option election, it appears that the court adjourned and that the orders are signed. Following this is an entry: "Pulaski County Court, Regular Term Cont'd, July 21st, 1936." The first order

entered under this heading is the probate of the Colyer will. Evidently, the significance of the rather cryptic entries appearing in the orders of July 20 was that the county court would take up the matter of probating Mr. Colyer's will on July 21 and would take up the matter of probating the will of Bertha F. Wolfe on August 12. The orders of August 12 are not before us, and we cannot, therefore, verify the meaning of the entry in regard to the Wolfe will. Certainly, however, the date of that memorandum cannot reasonably be carried over to the orders following, particularly when to do so would require a presumption that the court had entered them improperly.

It is next argued that the submission of the question, "Are you in favor of adopting the Local Option Law in Pulaski County?" is too vague and uncertain and does not submit the question as required by the Constitution. The wording is in exact conformity to the form set out in the statute, and, if it is not proper, then, of course the section of the statute itself is invalid. Ky. Stats. 1936 Ed. sec. 2554c-6. We are cited to no pertinent authority in support of appellant's contention. There is nothing in section 61 of the Constitution to limit or prescribe the form in which the question should be submitted to the voters. It hardly needs a decision of this court to point out that the words "local option" have acquired a distinct meaning and a current usage exclusively applicable to the liquor traffic. As understood by the Legislature that passed the law, and undoubtedly interpreted by the public who voted on the question, the phrase presented the question contemplated by the Constitution more clearly than would the use of the exact words set out in section 61 of that instrument. Compare Taylor v. Cook, 147 Ky. 215, 143 S. W. 1055; Diener v. Lane, 165 Ky. 396, 176 S. W. 1157. The Act itself (Ky. Stats. 1936 Ed. sec. 2554c-1, subsec. [f] provides: " 'Local option law' refers to the provisions of this Act. [1936, c. 1, sec. 1. Eff. Feb. 25, 1936.]"

Certainly there could be no doubt as to the law that was being voted upon.

The third contention advanced by the appellant, namely, that section 17 is discriminatory, does not affect him or his coplaintiffs in this case, and it will not, therefore, be determined.

It follows that the decision of the chancellor was correct. The order heretofore entered in this court preserving the status quo should be, and it is hereby, set aside, and the judgment is affirmed.