# Howard v. Farmer, Sheriff.

(Decided Feb. 26, 1937.)

J. H. ASHER for appellant.

M. C. BEGLEY and H. C. FAULKNER for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

Appellant, Lula Howard a resident and legal voter of Leslie county, on October 16, 1936, filed a petition in which she challenged the result of a local option election

held in the county on September 26, 1936. Parties defendant were the duly constituted and acting election commissioners of the county.

Appellant challenges the validity of the election on the following grounds: The order calling the election was void because entered at a special term of the county court on June 29, 1936, which was not a current or regular term of the court, the regular court day being the third Monday in each month. It is also asserted that the petition filed as a forerunner and prerequisite to the order was totally insufficient for the purposes, because it was not filed until Monday July 27, 1936, which was long after the order calling the election was made. Again, the election was void because the proposition was submitted to the voters in the following form: ''Are you in favor of adopting the local option law in Leslie County, Kentucky?'' which she alleges really submitted to the voters the question as to whether or not there would later be proposed for adoption or rejection the question of sale or no sale, barter, or loan of intoxicating liquors. The result of the election showed 929 votes for and 243 against adoption.

Pleading further, she says that the petition filed as it was—on too late a date—contained the names of 1,124 electors, purporting to be 25 per cent. of the legal votes cast at the preceding November, 1935, general election, and admitting that there were 3,884 votes cast at said election, and that 961 would constitute 25 per cent. of that vote, she alleges that a less number than 961 voters signed the petition because a great number of them failed to give their post office addresses; many failed to affix the date of signature, and most of those signing actually signed or so dated their signing, after the order calling the election. She claims that the names of all such should have been stricken. Demurrer to the petition was overruled.

The defendants answered denying such allegations of the petition as warranted denial, and alleged affirmatively that the order calling the election was actually entered on July 27, 1936, at a regular term of the county court, and that the certified copy of the order filed with appellant's petition was by mistake, due to an error of the deputy clerk in making the certification, and they tender what is alleged to be a correct copy of the order

showing its entry as of July 27, 1936. The respondent also denies that the order as entered was not based on a sufficient petition, or that it was filed prior to the order calling the election. As to the number of names signed to the petition, they deny the allegations of plaintiff's petition, and allege that the petition contained the names of "far more than 25 per cent. of the legal voters participating in the 1935 general election." They also deny that any signer of the petition failed to give a post office address, or the date of signing, or that any of them signed after the date of the order calling the election.

The lower court, after hearing appellant's testimony held the election valid. The only question, seemingly, before or considered by him was whether or not the petition calling the election was actually filed after the election was ordered by the county court.

Taking up the minor questions first, we find that the petition as exhibited was full and complete in every respect, meeting all requirements of the statute on the subject. All post office addresses except in a few instances are given. These omissions do not reduce the requisite number. The dates of signing are given in each and every instance; if not so, the omission is not sufficient to reduce the required number.

The question was submitted in precisely the language directed by Ky. Stats. sec. 2554c-6. We have passed adversely on the same objection as is raised here, in Laswell v. Cooper, 266 Ky. 524, 526, 99 S. W. (2d) 709.

If the order was made on July 27, 1936, though admittedly not the first day of the term of the county court for that month, it was nevertheless properly and legally entered. The record before us shows that the county court convened for its regular July session on the 20th, a third Monday and fixed day, and was legally recessed and thereafter regularly reconvened day by day, until and including the 27th, the day on which the order was made. Section 2554c-2, Ky. Stats., does not require the petition to be filed or the order made on the first day or any particular day of a current or regular term.

Section 1058, Ky. Stats., requires a regular term of the county court to be held once in each month, the

day to be fixed by order. The court may adjourn, recess, and reconvene. Com. v. Howard, 99 Ky. 542, 36 S. W. 556, 18 Ky. Law Rep. 412. As long as adjournments and reconventions be regular, the whole period is treated as a regular session. Hinkle v. Rose, 233 Ky. 606; 26 S. W. (2d) 541, and cases cited. The only prohibition in section 1058 is that the adjournment shall not overlap a regular term.

The confusion with regard to the claim that the petition was filed on July 27th, and the election called on the 29th of June, arose from the fact that when appellant sought to prepare her contest action, her attorney sent some one to the clerk's office for a certified copy of the order calling the election. The deputy clerk supplied such copy and it was filed with the petition. It did show that the order was entered on June 29th. There was some doubt expressed as to whether or not this was the correct date of the order, and the matter was checked, the clerk saying that it was a correct date. However, when the case came to a hearing before the court it developed, as had been specifically pleaded by contestees, that an error had been committed by the clerk. Testifying for contestant (after he had made a correction), he said that the order closing the June 29th term of the county court appeared near the top of a page, and beneath it nearer the bottom of the page was the date and order opening the court on July 20th, and he overlooked that order and other orders adjourning and convening the court up to the 27th. An inspection of the exhibits demonstrates that the clerk, or deputy, could have readily made such an error.

The main question argued by appellant in brief is the one in regard to the matter directly above discussed. This was a matter depending alone upon testimony, and the court concluded, as he had the right to do in considering a question of fact, that the petition was filed and the order properly entered on July 27th. This being true, we must give weight to its decision. Bishop v. Bishop, 238 Ky. 702, 38 S. W. (2d) 657; Howard v. Ramsey, 257 Ky. 704, 78 S. W. (2d) 16; Mays v. Mays, 263 Ky. 546, 92 S. W. (2d) 827.

In observing the petition filed by the proponents of the movement, it is quite noticeable that 60 or 70 per cent. of the affixed dates opposite the names of the peti-

tioners were of days long after June 29th, the date upon which contestant insists, not that the petition was filed, but the date the county court order was entered. It is inconceivable that a court would permit a basic petition to be filed showing the condition alleged by contestant. This documentary evidence lends weight to the court's conclusion, if such were needed to add any weight.

It is intimated in brief that there is a strong **inference** of fraud due to the fact that the proof showed that one or two pages had been cut from the order book and were not to be located. No matter how strong a suspicion may have been aroused by this circumstance, it is not shown by proof that such extraction of the pages in any wise affected the order in question, or the result of the election, nor was there any plea of fraud or collusion. Fraud must be both pleaded and clearly proven. The absence of the pages was satisfactorily explained to the court.

We concur fully in the conclusion of the chancellor in holding on the proof that the order and call of the election was in all respects properly made and entered. Laswell v. Cooper, supra.

Judgment affirmed.