## Bishop v. Kirby et al.

June 4, 1946.

500

Rodes K. Myers and Leland H. Logan for appellant.

J. T. Orendorf and Jos. S. Garman for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Reversing.

Appellant was defendant below; the plaintiffs, C. B. and J. H. Kirby and G. C. Henderson in their petition alleged that on August 30, 1944, they had purchased from Bishop a restaurant business, equipment, stock and good will, for $1,500, paying $400 cash and delivering to Bishop a note for the balance; as their cause of action and we copy it verbatim: "Plaintiffs state that the defendant falsely and maliciously represented to them that the ceiling prices charged by him in the operation of said restaurant prior to the sale to these plaintiffs were higher than the actual ceiling prices permitted by the Office of Price Administration; that they relied upon same and but for said statement would not have purchased said restaurant."

They allege that they had tendered to defendant the restaurant and equipment and he refused to accept it and return the purchase price. They prayed that the contract be held null and void; for a return of their $400, and cancellation of the note. Bishop by answer and counterclaim denied the allegations, and alleged that when plaintiffs bought only the equipment consisting of refrigerator, stoves, tables, chairs, etc., they had as part consideration executed the $1,100 note to be paid in monthly installments, and executed a mortgage on the equipment to secure payment. He asked for judgment on his note, for a sale of the property, the proceeds to be applied to his debt. He sought and was granted an attachment. Later he alleged the failure of plaintiffs to

pay utility bills to the amount of $65, and damage to equipment to the extent of $200, praying judgment for these sums. The record fails to disclose a traverse of defendant's pleadings. The matter of attachment was disposed of by an order entered before trial, which in substance agreed that the attached property, the same embraced in the mortgage, had been resold to one Lucas for $1,000. It was ordered that $400 of this sum be placed in the hands of counsel, and held until final judgment.

The case went to proof and nine of the jury returned the following verdict: "We the undersigned agree to award to Mr. Kirby $200, the remainder of the $400 paid by Kirby to be retained by Mr. Bishop to compensate him for damages to property and for bills paid by him." At the same time this judgment was entered: "It is adjudged by the court that defendants recover of plaintiff, Chas. Bishop, the sum of $200 and their costs." On the following day the court, sua sponte, and without objection set aside that judgment and entered this order: "It is adjudged by the court that the contract between the parties be declared null and void, and the $1100 note be cancelled. It is further adjudged that defendant recover on his counterclaim against plaintiffs the sum of $200, and that plaintiffs recover of defendant their costs herein."

Bishop's motion for new trial, supported by seven or more grounds, was overruled and on appeal his contentions are that the court should have sustained his motion for directed verdict, made at the close of plaintiffs' and all the evidence, and that the verdict was contrary to law and evidence.

As we read the pleading quoted above, we are of the opinion that there was a failure to state a cause. Plaintiffs merely alleged that Bishop fraudulently represented to them that "the ceiling prices charged by him in operation of his restaurant prior to the sale were higher than the actual ceiling prices permitted by the O. P. A.," this being the inducement. The anomaly of the situation is that Mr. Kirby in his evidence showed that the statement was true.

That the pleading is defective is shown by the opening statement of plaintiffs' counsel and the testimony of plaintiff. In other words, the inference appears in

the statement and proof, though not in the pleading. In his opening statement counsel for plaintiff said: "Mr. Bishop misrepresented some matters (to plaintiffs) in that he stated that the prices he could charge for certain meals were greater than he was able to charge and that the O. P. A. would not permit the prices to be charged for these meals that Mr. Bishop represented to him that he could charge," a matter which plaintiffs could have learned by the exercise of very little diligence. Stated differently, plaintiffs bought under the impression that because Bishop said so they could defraud the public and violate the price control laws.

Mr. Kirby's conception of one basis of the trade (and he was the only witness testifying) was that Bishop did not show him his menu card with established OPA prices for food, because "he said he didn't have any and it was better not to have, and for the reason why he said not to have a list, a public list, that it was better not to have it because when traveling men came through and got off at the bus station you could charge them anything you wanted to, and there's where you made more money."

If this was a material consideration, it does not show clean hands on the part of plaintiffs. But regardless of this, we are inclined to the opinion that the petition did not allege a ground of fraud sufficient to put the defendant to proof. While it appears from the record there was no demurrer to the petition, a motion for peremptory instruction, being in the nature of a demurrer, tests the sufficiency of the petition to state a cause of action, as well as the sufficiency of the evidence which it concedes to be true. Horton v. Louisville & N. R. Co., 199 Ky. 279, 250 S. W. 983, cited with approval along with other cases holding to the same rule, and London & Provincial Marine and Fire Insurance Co. of London, England v. Mullins, 268 Ky. 814, 105 S. W. 2d 1057.

To enable one to recover on a ground of fraud or lack of good faith his pleading must not only state a cause, but the proof to sustain must be clear and convincing. Howard v. Farmer, 268 Ky. 303, 104 S. W. 2d 957. The representation must be made with knowledge of its falsity. Pickrell & Craig Co. v. Bollinger Babbage Co., 204 Ky. 314, 264 S. W. 737. One of the elements

upon which recovery is to be based is that the alleged statement was material. Leonard v. American Tel. & Tel. Co., 240 Ky. 839, 43 S. W. 2d 187. Mr. Kirby seems to make it appear that the representation or misrepresentation was not a material factor. He made no investigation to find out the OPA prices. He was asked if he knew that OPA regulations were vital to his business, and he said he never gave it a thought, "You were not thinking about ceiling prices then before you bought it?" Ans. "That's right. I never went to see nothing about it."

Plaintiff's evidence was not sufficient to uphold the judgment entered. The evidence of defendant greatly preponderated and even though in error, the motion of defendant for a directed verdict was overruled the court should have sustained it at the close of all the proof. There is no cross-appeal, and the record shows that Bishop has appealed from the entire judgment. In the state of the record, we are of the opinion that the court should set aside the judgment, and direct one for Bishop which will permit him to recover on his note, with interest only from date of judgment, this to be subjected to such credits as will allow him his original sale price, but without judgment on his claim for damages.

Judgment reversed.