**SMITH et al.   v.   BARTON et al.**

Court of Appeals of Kentucky.

March 26, 1954.

Robert J. Watson, Middlesboro, for appellants.

Henry L. Bryant, Grant F. Knuckles and W. R. Lay, Pineville, for appellees.

MILLIKEN, Justice.

This appeal is from a judgment in the sum of $8,779.90 rendered against the thirteen appellants as damages, for alleged fraudulent misrepresentations concerning the outstanding indebtedness of the Tri-State Broadcasting Company, whose stock was purchased from appellants by appellees.

Appellants were, prior to February 1, 1950, shareholders and directors in the Tri-State Broadcasting Company, which operated Radio Station WCPM in Middlesboro. Appellees are the shareholders and directors of the Cumberland Gap Broadcasting Company which owns and operates Radio Station WMIK in Middlesboro. Sometime prior to February 1, 1950, appellees began negotiating with appellants for the purchase of all of the capital stock of the Tri-State Broadcasting Company.

At the time the parties began negotiations the two broadcasting companies were competitors. For this reason appellants declined to give appellees a statement of the financial status of the company.

On February 1, 1950, the parties entered into a written contract whereby appellees agreed to purchase from appellants the stock of the Tri-State Broadcasting Company for $50,175, subject to approval of the transfer by the Federal Communication Commission. Five thousand dollars of the purchase price was deposited in escrow to secure the performance of the contract by the purchaser and was to be forfeited if the purchasers should fail to perform the contract for any reason other than by reason of the failure to receive approval of the

sale by the Federal Communications Commission.

Appellees brought this suit in February, 1951, upon the theory that the oral statements of two of the appellants to the effect that the only thing they owed was current operating expenses, constituted fraudulent misrepresentations. Appellees claim that this statement was fraudulent because a balance sheet prepared by their auditor revealed items of current liability amounting to approximately $9,000. These included a debt of $1,026.35 to General Motors Acceptance Corporation and $4,310.04 to Universal C. I. T. Corporation and also $288.-84 Federal Income Tax owed the U. S. Government as among other items of indebtedness. It is not contended that these debts were past due.

■ Appellants denied making any revelations at all concerning indebtedness of the company. This Court has held that intent to deceive is a necessary element of actionable fraud. An analysis of the testimony reveals that, if any such statements were made they were made reluctantly, after repeated insistence on the part of appellees. The appellees themselves are not in agreement as to what statement was made. Dr. Barton, an optometrist, said that the statement was that there were no liabilities except "current operating expense," while Dr. Brooks said that appellants said they owed only "current accounts." The difference between current liabilities and current accounts or current operating expenses is a very technical one.

■ It is elementary that to constitute actionable fraud it must appear that the alleged representations upon which the fraud is predicated were false; language technically inaccurate but substantially true does not constitute fraud. Leonard v. American Telephone & Telegraph Co. of Kentucky, 240 Ky. 839, 43 S.W.2d 187. To enable one to recover in an action for fraud, his pleading must not only state a, cause for action, but the proof to sustain it must be clear and convincing. Bishop v. Kirby, 302 Ky. 499, 195 S.W.2d 84; How-

ard v. Farmer, 268 Ky. 303, 104 S.W.2d 957. No attempt was made to show that the items of indebtedness complained of by appellees did not constitute "current accounts" or "current operating expenses."

For the reasons set forth herein, and in view of the circumstances under which the statements were allegedly made, we cannot say that there was sufficient showing of an intent to deceive on the part of appellants to sustain a judgment in an action for fraud.

Judgment reversed.